# JS-6

_____

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No.  2:24-CV-04445-JLS (RAO)                                  Date: June 18, 2024
Title: First Casa de Marina v. Juanta Clark, et al.

_____

Present: **HONORABLE JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Charles Rojas | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

Attorneys Present for Plaintiff:                       Attorneys Present for Defendant:

Not Present                                                           Not Present

**PROCEEDINGS:   (In Chambers) ORDER REMANDING CASE TO LOS ANGELES SUPERIOR COURT (CASE NO. 24SUMD00591); AND ORDER DENYING AS MOOT REQUEST TO PROCEED IN FORMA PAUPERIS.**

    Defendant filed a Notice of Removal and a Request to Proceed In Forma Pauperis.  Because Defendant is not authorized to remove this action, and because the Court lacks subject-matter jurisdiction, the Court REMANDS this case to the Los Angeles Superior Court.  The Request to Procced In Forma Pauperis is DENIED AS MOOT.

    Specifically, Plaintiff First Casa de Marina, through counsel, filed a form complaint in state court for unlawful detainer against Defendant Juanta Clark.  (*See* Doc. 1 at 9-13 (Compl.).)  The unlawful detainer complaint specifies it is a limited civil case that exceeds $10,000 but that does not exceed $35,000.  (Compl. at 1.)

    Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over matters specifically authorized by Congress or the Constitution.  *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). As the proponent of the Court's jurisdiction, a removing party bears the burden of

_____
**CIVIL MINUTES – GENERAL**                                                                                         1

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:24-CV-04445-JLS (RAO)                               Date: June 18, 2024
Title: First Casa de Marina v. Juanta Clark, et al.

___

establishing it.  *Abrego Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 685 (9th Cir. 2006).

Unlawful detainer actions do not arise under federal law; they arise under state law.  Therefore, the Court has no federal question jurisdiction. *See* 28 U.S.C. § 1331 (conferring on federal courts subject-matter jurisdiction over cases arising under federal law).

Defendant's attempt to rely upon the Protecting Tenants at Foreclosure Act of 2009 does not confer federal question jurisdiction upon the Court.  (*See generally* Doc. 1, Notice of Removal.)  At most, this Act may be asserted as a federal defense to a state-law claim, but a federal defense is insufficient to invoke the Court's federal-question jurisdiction.  *See Vaden v. Discover Bank*, 556 U.S. 49, 59-60 (2009) (noting that federal question jurisdiction cannot "rest upon an actual or anticipated counterclaim").  Other cases addressing the issue of whether the Protecting Tenants at Foreclosure Act may serve as a jurisdictional basis for the removal of state unlawful detainer actions have rejected this contention.  *See, e.g., Bire II LLC v. Horwich*, 2023 WL 8452428, at *1 (C.D. Cal. Dec. 6, 2023); *Reyes v. Villela*, 2021 WL 7286042, at *1 (C.D. Cal. Dec. 7, 2021); *Essex Portfolio, LP v. Taylor*, 2020 WL 1331052, at *2 (C.D. Cal. Mar. 19, 2020); *Fertig & Gordon Co. v. Lopez*, 2020 WL 2095816, at *1 (C.D. Cal. Feb. 28, 2020); *Aurora Loan Servs., LLC v. Montoya*, 2011 WL 5508926, at *4 (E.D. Cal. Nov. 9, 2011) (collecting cases).  This Court does as well.

Defendant does not purport to invoke the Court's diversity jurisdiction, but even if she did, these requirements are not met either.  (*See* Doc. 1-1 (Civil Cover Sheet).)  There is no evidence that the parties are citizens of different states.  *See* 28 U.S.C. § 1332 (setting forth requirements for diversity jurisdiction).  Neither is the amount-in-controversy amount met, as the complaint specifies that it is a limited civil case and that the amount demanded "does not exceed $35,000."

___

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:24-CV-04445-JLS (RAO)                  Date: June 18, 2024

Title: First Casa de Marina v. Juanta Clark, et al.

___

(Compl. at 1); *cf.* 28 U.S.C. § 1332(a) (specifying that the amount-in-controversy must "exceed[s] the sum or value of $75,000").

Moreover, in the absence of a federal question, a resident of the forum state may not remove an action to federal court.  *See* 28 U.S.C. § 1441(b).

The defects discussed herein are not curable by amendment; therefore, the Court REMANDS this action to the Los Angeles County Superior Court.

The Request to Proceed In Forma Pauperis is DENIED AS MOOT.

**IT IS SO ORDERED.**

                                                                                         Initials of Deputy Clerk:  cr